IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RONNIE RICHARDSON PARKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:12-cv-650-MEF |
| | ) | (WO – Do Not Publish) |
| CHILTON COUNTY BOARD OF EDUCATION, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

This cause is before the Court on Plaintiff's Motion to Amend the Complaint. (Doc. #20.) Plaintiff seeks to file a Second Amended Complaint to amend Plaintiff's claims against Defendant to include a claim of race discrimination in violation of 42 U.S.C. § 1981. Defendant filed a Response in Opposition to Plaintiff's Motion to Amend (Doc. #23), in which Defendant argues that Plaintiff's Motion is due to be denied. Defendant refers the Court to several factors it may rely upon as grounds for denying leave to amend. These factors include: (1) undue delay, (2) bad faith or dilatory motive on the part of the movant, (3) repeated failure to cure deficiencies by amendments previously allowed, (4) undue prejudice to the opposing party, and (5) futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Although Defendant sets out these factors in its Response, it offers no further argument or explanation as to how these factors are present in this case. Thus, Defendant has given no "valid, specified reasons for the exclusion" of Plaintiff's Second Amended Complaint. *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009); *see*

*also Foman*, 371 U.S. at 182 ("[T]he grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant leave to amend without any justifying reason is not an exercise of discretion; it is merely an abuse of that discretion and inconsistent with the spirit of the Federal Rules."). Defendant has utterly failed to show that allowing Plaintiff to amend his complaint would cause undue delay in the proceeding or undue prejudice to Defendant, or that Plaintiff's amendment would be futile if allowed.

Therefore, for good cause shown, and in keeping with the spirit of the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding," Fed. R. Civ. P. 1, it is hereby ORDERED that Plaintiff's Motion to Amend the Complaint (Doc. #20) is GRANTED. Plaintiff shall be allowed until **January 4, 2013**, to file a Second Amended Complaint that complies with Rule 15.1 of the Local Rules for the United States District Court for the Middle District of Alabama for Civil and Criminal Cases, which provides in pertinent part: "Any amendment to a pleading . . . whether filed as a matter of course or upon a motion to amend, must, except by leave of Court, reproduce the entire pleading . . . as amended, and may not incorporate any prior pleading . . . by reference."

DONE this the 21st day of December, 2012.

                                                    /s/ Mark E. Fuller
                                      UNITED STATES DISTRICT JUDGE